UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**97-027 9 CR-UNGARO-BENAGES**

UNITED STATES OF AMERICA    )    CASE NO. _____

v.                          )         18 USC 472
                            )         18 USC 371  MAGISTRATE JUDGE
                            )         18 USC 2         DUBÉ

MARTINO VOLCY,              )
VENEL CHARLES,             )
RODRIGUE VINCENT,          )
PIERRE RICHARD SAINT-VICTOR, )
PATRICK LILAVOIS and       )
JEAN CLAUDE ISRAEL         )
_____ )    **INDICTMENT**

The Grand Jury charges that:

### COUNT I

From on or about March 24, 1997, until on or about April 2,
1997, at Miami, Dade County, in the Southern District of Florida,
and elsewhere, the defendants,

**MARTINO VOLCY,
VENEL CHARLES,
RODRIGUE VINCENT,
PIERRE RICHARD SAINT-VICTOR,
PATRICK LILAVOIS and
JEAN CLAUDE ISRAEL,**

did knowingly and willfully combine, conspire, confederate and

agree with persons known and unknown to the Grand Jury to commit an

offense against the United States, that is, to violate Title 18,

United States Code, Section 472.

### OBJECT OF THE CONSPIRACY

It was the purpose and object of the conspiracy to pass,

utter, publish, sell, keep in possession, and conceal counterfeited



obligations of the United States, that is, counterfeit Federal Reserve Notes.

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, there were committed by at least one of the co-conspirators, in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1.   On or about April 2, 1997, the defendants, MARTINO VOLCY, VENEL CHARLES, and RODRIGUE VINCENT, met at a residence located at 2419 N.W. 96 Street, in Miami, Florida, and agreed to sell $100,000.00 in counterfeit Federal Reserve Notes to a person known to the Grand Jury.

2.   On or about April 2, 1997, the defendant, VENEL CHARLES, left the residence located at 2419 N.W. 96 Street, in Miami, Florida, and obtained from defendants PIERRE RICHARD SAINT-VICTOR, PATRICK LILAVOIS, and JEAN CLAUDE ISRAEL approximately $96,280.00 in counterfeit Federal Reserve Notes.

3.   On or about April 2, 1997, the defendant, VENEL CHARLES, returned to the residence located at 2419 N.W. 96 Street, in Miami, Florida, with the $96,280.00 in counterfeit Federal Reserve Notes, where along with defendants MARTINO VOLCY, RODRIGUE VINCENT, and a person known to the Grand Jury they inspected said counterfeit Federal Reserve Notes.

4.   On or about April 2, 1997, at Miami, Dade County, in the Southern District of Florida, the defendant, PATRICK LILAVOIS, agreed to sell to a person known to the Grand Jury approximately

2

$50,000.00 in counterfeit Federal Reserve Notes.

In violation of Title 18, United States Code, Section 371.

## COUNT II

On or about April 2, 1997, at Miami, Dade County, in the Southern District of Florida, the defendants,

**MARTINO VOLCY,**
**VENEL CHARLES,**
**RODRIGUE VINCENT,**
**PIERRE RICHARD SAINT-VICTOR,**
**PATRICK LILAVOIS and**
**JEAN CLAUDE ISRAEL,**

did knowingly and with intent to defraud, keep in possession falsely made and counterfeited obligations of the United States, that is, counterfeit Federal Reserve Notes in $10.00, $20.00, and $50.00 denominations; in violation of Title 18, United States Code, Sections 472 and 2.

## COUNT III

On or about April 2, 1997, at Miami, Dade County, in the Southern District of Florida, the defendants,

**MARTINO VOLCY,**
**VENEL CHARLES,**
**RODRIGUE VINCENT,**
**PIERRE RICHARD SAINT-VICTOR,**
**PATRICK LILAVOIS and**
**JEAN CLAUDE ISRAEL,**

did knowingly and with intent to defraud, attempt to pass, utter, publish, and sell counterfeited obligations of the United States, that is, counterfeit Federal Reserve Notes in $10.00, $20.00, and

3

$50.00 denominations; in violation of Title 18, United States Code, Sections 472 and 2.

A TRUE BILL

FOREPERSON

WILLIAM A. KEEFER
UNITED STATES ATTORNEY

ELOISA M. DELGADO
ASSISTANT UNITED STATES ATTORNEY

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

CASE NO. **97-0279**

v.

**CERTIFICATE OF TRIAL ATTORNEY** CR-UNGARO - BENAGES

MARTINO VOLCY, et al       S Related Case Information:                    MAGISTRATE JUDGE

Court Division: (Select One)

**SUPERSEDING**          Yes ____ No _X_  DUBÉ
**New Defendant(s)**       Yes ____ No _X_
**Number of New Defendants** ____
**Total number of counts** ____

_X_ Miami    ____ Key West
____ FTL    ____ WPB    ____ FTP

I do hereby certify that:

1.    I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.    I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.    Interpreter:          (Yes or No)____Yes____
List language and/or dialect                    Creole

4.    This case will take ____  4  days for the parties to try.

5.    Please check appropriate category and type of offense listed below:
     (Check only one)                              (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _X_ | Petty | | |
| II | 6 to 10 days | ____ | Minor | | |
| III | 11 to 20 days | ____ | Misdem. | | |
| IV | 21 to 60 days | ____ | Felony | _X_ | |
| V | 61 days and over | ____ | | | |

6.    Has this case been previously filed in this District Court?  (Yes or No)____  No
If yes:

Judge:_____   Case No. _____
(Attach copy of dispositive order)

7.    Has a complaint been filed in this matter?    (Yes or No)  Yes
If yes:

Magistrate Case No.  97-2567-STB
Related Miscellaneous numbers:_____
Defendant(s) in federal custody as of 4/3/97
Defendant(s) in state custody as of _____
Rule 20 from the _____   District of _____

8.    This case originated in the U.S. Attorney's office prior to August 16, 1985
(Yes or No)____No____

*Eloisa M. Delgado*
**ELOISA M. DELGADO**
**ASSISTANT UNITED STATES ATTORNEY**
Florida Bar No. 999768

*Penalty Sheet(s) attached

REV.12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET 97-0279
CR-UNGARO-BENAGES

Defendant's Name: MARTINO VOLCY

MAGISTRATE JUDGE

DUBÉ

Count #:I      18 USC 371

**\*Max. Penalty:** Five years imprisonment and/or $250,000 fine.
==================================================================
Count #:II     18 USC 472

**\*Max. Penalty:** Fifteen years imprisonment and/or $250,000 fine.
==================================================================
Count #:III    18 USC 422

**\*Max. Penalty:** Fifteen years imprisonment and/or $250,000 fine.
==================================================================
Count #:

**\*Max. Penalty:**
==================================================================
Count #:

**\*Max. Penalty:**
==================================================================
Count #:

**\*Max. Penalty:**
==================================================================

  **\*Refers** only to possible term of incarceration, does not
include restitution, special assessments, parole terms, or
forfeitures that may be applicable.
==================================================================

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET **97-0279**

Defendant's Name: <u>VENEL CHARLES</u>

CR-UNGARO-BENAGES

**MAGISTRATE** JUDGE
**DUBÉ**

Count  #:I      18 USC 371

---

*Max. Penalty: Five years imprisonment and/or $250,000 fine.
======================================================================
Count  #:II     18 USC 472

---

*Max. Penalty: Fifteen years imprisonment and/or $250,000 fine.
======================================================================
Count  #:III    18 USC 422

---

*Max. Penalty: Fifteen years imprisonment and/or $250,000 fine.
======================================================================
Count  #:

---

*Max. Penalty:
======================================================================
Count #:

---

*Max. Penalty:
======================================================================
Count #:

---

*Max. Penalty:
======================================================================
======================================================================
      *Refers  only  to  possible  term  of  incarceration,  does  not
      include  restitution,  special  assessments,  parole  terms,  or
      forfeitures that may be applicable.
======================================================================

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

97-0279
cr-UNGARO-BENAGES
MAGISTRATE JUDGE
DUBÉ

Defendant's Name: _____ RODRIQUE **VINCENT** _____ Case No.:

Count  #:I      18 USC 371

*Max. Penalty: Five years imprisonment and/or $250,000 fine.
================================================================
Count  #:II      18 USC 472
================================================================

*Max. Penalty: Fifteen years imprisonment and/or $250,000 fine.
================================================================
Count  #:III      18 USC 422

*Max. Penalty: Fifteen years imprisonment and/or $250,000 fine.
================================================================
Count  #:

*Max. Penalty:
================================================================
Count #:

*Max. Penalty:
================================================================
Count #:

*Max. Penalty:
================================================================

================================================================
    *Refers only to possible term of incarceration, does not
include restitution, special assessments, parole terms, or
forfeitures that may be applicable.
================================================================

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**97-0279**

PENALTY SHEET

Defendant's Name: PIERRE RICHARD SAINT-VICTOR   Case No.: **CR-UNGARO-BENAGES**

MAGISTRATE JUDGE

DUBÉ

---

Count #:I   18 USC 371

---

**\*Max. Penalty:** Five years imprisonment and/or $250,000 fine.
=====================================================================
Count #:II   18 USC 472

---

**\*Max. Penalty:** Fifteen years imprisonment and/or $250,000 fine.
=====================================================================
Count #:III   18 USC 422

---

**\*Max. Penalty:** Fifteen years imprisonment and/or $250,000 fine.
=====================================================================
Count #:

---

**\*Max. Penalty:**
=====================================================================
Count #:

---

**\*Max. Penalty:**
=====================================================================
Count #:

---

**\*Max. Penalty:**
=====================================================================
=====================================================================
     \*Refers only to possible term of incarceration, does not
include restitution, special assessments, parole terms, or
forfeitures that may be applicable.
=====================================================================

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET 97-0279

CR-UNGARO-BENAGES
MAGISTRATE JUDGE
DUBÉ

Defendant's Name: PATRICK LILAVOIS

Count #:I    18 USC 371

**\*Max. Penalty:** Five years imprisonment and/or $250,000 fine.
===================================================================
Count #:II   18 USC 472

**\*Max. Penalty:** Fifteen years imprisonment and/or $250,000 fine.
===================================================================
Count #:III  18 USC 422

**\*Max. Penalty:** Fifteen years imprisonment and/or $250,000 fine.
===================================================================
Count #:

**\*Max. Penalty:**
===================================================================
Count #:

**\*Max. Penalty:**
===================================================================
Count #:

**\*Max. Penalty:**
===================================================================
===================================================================
   \*Refers only to possible term of incarceration, does not
include restitution, special assessments, parole terms, or
forfeitures that may be applicable.
===================================================================

FILED by ___ DC
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI
97 APR -9 PM 5 33

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET 97-0279
CR-UNGARO-BENAGES

MAGISTRATE JUDGE
DUBÉ

Defendant's Name: JEAN CLAUDE ISRAEL

Count #:I    18 USC 371

*Max. Penalty: Five years imprisonment and/or $250,000 fine.

Count #:II    18 USC 472

*Max. Penalty: Fifteen years imprisonment and/or $250,000 fine.

Count #:III    18 USC 422

*Max. Penalty: Fifteen years imprisonment and/or $250,000 fine.

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

Count #:

*Max. Penalty:

*Refers only to possible term of incarceration, does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

FILED by ___ D.C.
97 APR -9 PM 5: 33
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _94-2567-S18_

UNITED STATES OF AMERICA

   Plaintiff,                    **ORDER ON INITIAL APPEARANCE**
                                 Language _Creole_
                                 Tape No. _97D-24-658_
v.                               AUSA _Lisa Delgado_
JEAN-CLAUDE ISRAEL (J) 50121-004   Agent U.S. SECRET SERVICE/BEYER
      Defendant.  DOB 3/25/65

_____/

      The above-named defendant having been arrested on _4/3/97_ having appeared before the court for initial appearance on _4/3/97_ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. _Isaac Kohln_ appointed as permanent counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   _____, 1997.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _4/11_, 1997.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 1997.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
   $ _15,600 PSB No bond_

      This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___l. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _97-2567- st13_

UNITED STATES OF AMERICA,           :

v.                                  :

_MARtino Volcy_                     :           NOTICE OF PERMANENT
                                                APPEARANCE AS COUNSEL
                                    :           OF RECORD
_____     :

COMES NOW _Louis Caruso_, and files this appearance as counsel
for the above named defendant(s). Counsel agrees to represent the defendant(s) for all proceedings
arising out of the transaction with which the defendant(s) is presently charged in the United States
District Court in and for the Southern District of Florida.

Counsel hereby states that this appearance is unconditional and in conformity with the
requirements of Local General Rule 11.1(D) and Rule 4 of the Special Rules Governing the
Admission and Practice of Attorneys.

Counsel acknowledges responsibility to advise the defendant(s) of the right of appeal, to file
a timely notice of appeal if requested to do so by the defendant(s), and to pursue that appeal unless
relieved by Court Order.

**FEE DISPUTES BETWEEN COUNSEL AND CLIENT SHALL NOT BE A BASIS
FOR WITHDRAWAL FROM THIS REPRESENTATION.**

DATED: _4/1/97_

Attorney _Louis Caruso_
Address _200 S. Biscayne Blvd 12..._
City _Miami_ State _FL_ Zip _33131_
Telephone _374 1100_
Florida Bar No. _____

The undersigned defendant(s) hereby consent(s) to the representation of the above counsel.

_____

_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _94 - 2567 - STB_

UNITED STATES OF AMERICA,

v.                                      **ORDER ON BOND MOTION**

_Martino Voley_

    This Cause came before the Court upon motion of the
(defendant)(government) to (reduce)(increase)(modify) the bond.
Upon consideration, it is

    **ORDERED AND ADJUDGED** as follows:

_____ The motion is **denied**; bond remains at _____

__✓__ The motion is **granted**; bond is set at:

    ____ Personal Surety, unsecured, in the amount of
        $_____

    ____ Personal Surety in the amount of  $_____
    with 10% posted with Clerk of Court.

    ____ Full Cash in the amount of $_____

    __✓__ Corporate Surety in the amount of $ _15,000 / nebbia_

In addition to the standard conditions of bond, the following
special conditions are hereby imposed:

✓ **Surrender all passports & travel documents to Pretrial Services.**

✓ **Travel restricted to SD/Fla.**

✓ **Report to Pretrial Services as follows:** __1__ **weekly in person;**
   __3__ **weekly by phone.**

__ **Submit to random urine testing by Pretrial Services for the use
   of non-physician-prescribed substances prohibited by law.**

✓ **Maintain/actively seek full-time employment or educational
   program.**

__ **Avoid all contact with victims of or witnesses to the crimes
   charged.**

__ **Refrain from possessing a firearm, destructive device or other
   dangerous weapon.**

__ **Curfew imposed seven days a week from _____PM to _____AM,**

__ **Curfew to be electronically monitored at _____ expense.**

__ **Stay away from all commercial transportation facilities or
   marinas.**

__ **Comply with the following additional special conditions of this
bond:**_____

If bond is changed from that set in another District, the reason
pursuant to Rule 40(f) is:_____

**DONE AND ORDERED** at Miami, Florida this _4th_ day of _April_

19_97_.

TAPE NO. 97D.-_23-730_

c:AUSA, Defense,                  UNITED STATES MAGISTRATE JUDGE
  Pretrial Svcs, Marshal          STEPHEN T. BROWN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO: 97 - 2567 -STB

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Defendant.

Patrick Lilavois

## DEFENDANT'S INVOCATION OF RIGHTS TO SILENCE AND COUNSEL

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the U.S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

The defendant requests that the U.S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

        Respectfully submitted,

        KATHLEEN M. WILLIAMS
        Federal Public Defender

        By: Gail M. Stage
        Assistant Federal Public Defender
        150 West Flagler Street, Suite 1500
        Miami, Florida 33130-1550
        Phone/Fax (305) 536-6900

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument was served by hand in open court upon the duty AUSA.

Date: 4-3-97        By: Gail M. Stage

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _94 - 2567 - 575_

UNITED STATES OF AMERICA,

vs.

_Martin Voley_
_____

This cause came before the Court and pursuant to proceedings held, it is thereupon

**ORDERED AND ADJUDGED** as follows:

Upon request of the parties, and good cause being shown, the _Bond Hearing_ is hereby reset to _April 4, 1999_ at _10:00_ before the Duty Magistrate Judge.

**DONE AND ORDERED** at Miami, Florida this _3rd_ day of _____, 19_97_.

TAPE NO: 97D-_24 - 678_

_____
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _97 - 2567 - STB_

UNITED STATES OF AMERICA,

vs.

Patrick Liluvois
_____

     This cause came before the Court and pursuant to proceedings held, it is thereupon

     **ORDERED AND ADJUDGED** as follows:

     Upon request of the parties, and good cause being shown, the ___Bond Hearing___ is hereby reset to ___April 8, 1997___ at ___10:00___ before the Duty Magistrate Judge.

     **DONE AND ORDERED** at Miami, Florida this ___3rd___ day of ___April___, 19_97_.

TAPE NO: 97D-_24 - 678_

_____
UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 97-2567-57B

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

Plaintiff,

Language _Creole_
Tape No. _97D_ – _24. 678_
AUSA _Elisa Delgado_
Agent _U.S. SECRET SERVICE/G. CHERETIS_
_591-3660_

v.

MARTINO VOLCY   (J)52568-004
Defendant.   DOB 7/18/68

_____/

The above-named defendant having been arrested on _4/2/97_ having appeared before the court for initial appearance on _4/3/97_ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____

2. _Louis Casuso_ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 1997.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _4/11_, 1997.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_, 1997.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
   _$25,000 CSB nebbia_

   This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

   ___a. Surrender all passports and travel document to the Pretrial Services Office.
   ___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
   ___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
   ___d. Maintain or actively seek full time gainful employment.
   ___e. Maintain or begin an educational program.
   ___f. Avoid all contact with victims of or witnesses to the crimes charged.
   ___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
   ___h. Comply with the following curfew: _____
   ___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

___j. Comply with the following additional special conditions of this bond: _____

_____

This bond was set: At Arrest _____✓_____

                 On Warrant _____

                 After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____

_____

___✓ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>3RD</u> day of <u>APRIL</u> _____, 1997.

_____

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 9̲7̲-̲2̲5̲6̲7̲-̲S̲T̲B̲

UNITED STATES OF AMERICA

Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language ___Creole_____
Tape No. _97D-24-678_____
AUSA ___Elisa Delgado_____

v.

VEUEL CHARLES   (J)52566-004
Defendant.   DOB 10/11/65

Agent U.S. SECRET SERVICE/E. BEYER
                        591-3660

_____/

The above-named defendant having been arrested on __4/2/97_____ having appeared before the court for initial appearance on __4/3/97_____ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. Stephen Golembe_____ appointed as permanent counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 1997.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_____ 4/11_____, 1997.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_____, 1997.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: .
   $25,000 CSB Nebbia_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

___j. Comply with the following additional special conditions of this bond:

This bond was set: At Arrest _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>3RD</u> day of <u>APRIL</u>, 1997.

UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 47-2567-STB

UNITED STATES OF AMERICA

Plaintiff,

v.

PATRICK LILAVOIS   (J)52567-004
                    Defendant.   DOB 7/7/77

**ORDER ON INITIAL APPEARANCE**
Language   English
Tape No.  97D--24-628
AUSA   Elisa Delgado
Agent U.S. SECRET SERVICE/E. BEYER
                              591-3660

The above-named defendant having been arrested on ___4/3/97___ having appeared before the court for initial appearance on __4/3/97__ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
2. HPD-(Gail Stage appointed as permanent counsel of record.
   Address: 150 W. Flagler St. Miami, FL
   Zip Code: 33130   Telephone: (305) 530-7000
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 1997.
4. Arraignment/Preliminary/Removal/Identity hearing is set for 10am  4/11 , 1997.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for 10am _____, 1997.
6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
   $50,000 CSB Nebbia

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

LILAVOIS

___j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest ____ ✓ _____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____

____ ✓ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 3RD day of APRIL _____, 1997.

_____
**UNITED STATES MAGISTRATE JUDGE**
**STEPHEN T. BROWN**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. _94 - 2567 - STB_

UNITED STATES OF AMERICA

**ORDER ON INITIAL APPEARANCE**

Plaintiff,

Language _English_
Tape No. _97D - 24 - 607x_
AUSA _Elisa Delgado_

v.

VINCENT RODRIGUEZ   (J) 52569-004
Defendant.   DOB 8/15/68

Agent U.S. SECRET SERVICE/E. BEYER
591-3660

_____/

The above-named defendant having been arrested on _4/2/97_____ having appeared before the court for initial appearance on _4/3/97_____
and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon
**ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
   Address:_____
   Zip Code: _____ Telephone: _____
2. _Amy Hagoli_____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on
   _____, 1997.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_____ _4/11_____, 1997.
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f)
   because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_____, 1997.
6. The defendant shall be release from custody upon the posting of the following type of appearance
   bond, pursuant to 18 U.S.C. Section 3142:
   _$25,000 CSB nebbi_____
   _____

This bond shall contain the standard conditions of bond printed in the bond form of this Court
and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
   other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed
   substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___l. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

___j. Comply with the following additional special conditions of this bond:

_____
_____

This bond was set: At Arrest _____✓_____
                   On Warrant _____
                   After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____
_____
_____

___✓ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at Miami, Florida, this 3RD day of APRIL_____, 1997.

_____
**UNITED STATES MAGISTRATE JUDGE
STEPHEN T. BROWN**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 97-2567-STB

UNITED STATES OF AMERICA

      Plaintiff,

**ORDER ON INITIAL APPEARANCE**

Language _Creole_
Tape No. 97D-24-678
AUSA _Elisa Delgado_

v.

PIERRE SAINT-VICTOR   (J)50120-004
      Defendant.   DOB 7/25/59

Agent U.S. SECRET SERVICE/E. BEYER
                591-3660

    The above-named defendant having been arrested on _4/3/97_ having appeared before the court for initial appearance on _4/3/97_ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _____ appeared as permanent/temporary counsel of record.
Address:_____
Zip Code: _____ Telephone: _____

2. _Leonardo Spitale_ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 1997.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am   4/11_, 1997.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am_____, 1997.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:
$20,200 CSB no Nebbia

    This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:

___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___I. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

___j. Comply with the following additional special conditions of this bond:

_____

This bond was set: At Arrest _____
                On Warrant _____
                After Hearing _____

If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ____

_____
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

**DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>3RD</u> , day of <u>APRIL</u> , 1997.

_____
**UNITED STATES MAGISTRATE JUDGE**
**STEPHEN T. BROWN**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal
   Pretrial Services/Probation

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MTM-5800-08B
**Attachment B**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NUMBER: CR 99-2567-57B |
| Plaintiff ) | |
| ) | |
| -vs- ) | REPORT COMMENCING CRIMINAL |
| ) | ACTION |
| Patrick Lilavois ) | |
| Defendant | 52567-004 |

**************************************************************************

TO: CLERK'S OFFICE   (MIAMI)   FT. LAUDERDALE   W. PALM BEACH
    U.S. DISTRICT COURT                (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
      COURT ABOVE.

**************************************************************************

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)  DATE AND TIME OF ARREST: __4/02/57__  __1:00__  (a.m.)/p.m.

(2)  LANGUAGE(S) SPOKEN: __English / Creol__

(3)  OFFENSE(S) CHARGED: __18 USC 472   Dist. of Counterfeit Currency__

(4)  UNITED STATES CITIZEN:   ( )YES   (✓)NO   ( )UNKNOWN

(5)  DATE OF BIRTH: __07/07/77__

(6)  TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
     [ ] INDICTMENT      [✓] COMPLAINT     CASE # _____
     [ ] BENCH WARRANT FOR FAILURE TO APPEAR
     [ ] PAROLE VIOLATION WARRANT
     ORIGINATING DISTRICT: _____
     COPY OF WARRANT LEFT WITH BOOKING OFFICER?   [ ]YES   [ ]NO

AMOUNT OF BOND:$ __15,000 Corp Surety__ WHO SET BOND? __Judge Brown__

(7)  REMARKS: _____

(8)  DATE: __4/3/57__   (9) ARRESTING OFFICER __E. Boyer__

(10) AGENCY __U.S. Secret Service__ (11) PHONE # __(305) 591-3660__

(12) COMMENTS _____

FILED BY ___ DC
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA.-MIAMI
97 APR -3 AM 10 14

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA
Plaintiff            )      Case Number: CR 99-2502579

-vs-                 )      REPORT COMMENCING CRIMINAL
                     )           ACTION
Vevel Charles        )
        Defendant    )      52576-004

*************************************************************

TO:  Clerk's Office    (MIAMI)    FT. LAUDERDALE    W. PALM BEACH
     U.S. District Court          (circle one)

NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
       MAGISTRATES COURT ABOVE
*************************************************************
All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest: 4/2/97     10:00              am/pm

(2)  Language Spoken: English French, Creol.

(3)  Offense(s) Charged: 18 USC 472  Dist of Counterfeit Currency

(4)  U.S. Citizen  [ ] Yes   [✓] No   [ ] Unknown

(5)  Date of Birth: 10/1/65

(6)  Type of Charging Document:  (Check one)
     [ ] Indictment   [✓] Complaint  To be filed/Already filed
         Case #
     [ ] Bench Warrant for Failure to Appear
     [ ] Probation Violation Warrant
     [ ] Parole Violation Warrant

     Originating District: SDFL

     COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] YES  [✓] NO

     Amount of Bond: $ 15,000  Corp Surety Bond
     Who set Bond: Judge Brown

(7)  Remarks:

(8)  Date: 4/2/97

(10) Agency: US Secret Service          (9) Arresting Officer: SA E. Beyer

(12) Comments:                          (11) Phone: 305/591-3660

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MIM 5800.08B
Attachment B

UNITED STATES OF AMERICA )
Plaintiff )
)
-vs- )
)
_Vincent Rodrigue_ )
Defendant )

CASE NUMBER: CR 97-2569-STB

REPORT COMMENCING CRIMINAL ACTION

52569-004

****************************************************************

TO: CLERK'S OFFICE
U.S. DISTRICT COURT ( MIAMI ) FT. LAUDERDALE          W. PALM BEACH
(circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.

****************************************************************

COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE ENTER N/A.

(1)   DATE AND TIME OF ARREST: 4-2-97 / 1000          a.m./p.m.

(2)   LANGUAGE(S) SPOKEN: _French / English / Creol_

(3)   OFFENSE(S) CHARGED: _18 USC 472_

(4)   UNITED STATES CITIZEN:   ( )YES   (X)NO   ( )UNKNOWN

(5)   DATE OF BIRTH: _8-15-68_

(6)   TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
[ ] INDICTMENT          [✓] COMPLAINT          CASE # _____
[ ] BENCH WARRANT FOR FAILURE TO APPEAR
[ ] PAROLE VIOLATION WARRANT
ORIGINATING DISTRICT: _____
COPY OF WARRANT LEFT WITH BOOKING OFFICER?   [ ]YES   [✓]NO

AMOUNT OF BOND:$ _15,000 Corp Surety_ WHO SET BOND? _Judge Brown_

(7)   REMARKS: _____

(8)   DATE: _4/3/97_          (9) ARRESTING OFFICER _E. Boyer_

(10)  AGENCY _U.S Secret Service_ (11) PHONE # _(305) 591-3660_

(12)  COMMENTS _____

FILED by _K_ D.C.
97 APR 10 AM 10 14
CARLOS JUENKE
CLERK U.S DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MIM 5800.08B
**Attachment B**

UNITED STATES OF AMERICA )  CASE NUMBER: CR _97-2567-SIB_
              Plaintiff    )
                           )
       -vs-                )  REPORT COMMENCING CRIMINAL
                           )         ACTION
_Martino Velcy_            )
              Defendant    )  _52568-004_

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO: CLERK'S OFFICE    (MIAMI)    FT. LAUDERDALE    W. PALM BEACH
    U.S. DISTRICT COURT          (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
      COURT ABOVE.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)   DATE AND TIME OF ARREST: _4-2-97_    _10:30_    a.m./p.m.

(2)   LANGUAGE(S) SPOKEN: _English & Creole_

(3)   OFFENSE(S) CHARGED: _Conspiracy to Distribute and_
_Possess Counterfeit Currency_

(4)   UNITED STATES CITIZEN:   ( )YES   ( )NO   (✓)UNKNOWN

(5)   DATE OF BIRTH: _07-18-68_

(6)   TYPE OF CHARGING DOCUMENT:   (CHECK ONE)
      [ ] INDICTMENT     [✓] COMPLAINT     CASE #_____
      [ ] BENCH WARRANT FOR FAILURE TO APPEAR
      [ ] PAROLE VIOLATION WARRANT
      ORIGINATING DISTRICT: _Southern Dist. of Florida_
      COPY OF WARRANT LEFT WITH BOOKING OFFICER?   [ ]YES   [✓]NO

AMOUNT OF BOND:$_____WHO SET BOND? _____

(7)   REMARKS: _____

(8)   DATE: _4-2-97_    (9) ARRESTING OFFICER _G. Cheretis_

(10)  AGENCY _U.S. Secret Service_ (11) PHONE # _305-591-3660_

(12)  COMMENTS _____

_____

UNITED STATES DISTRICT COURT
Southern District of Florida

UNITED STATES OF AMERICA
Plaintiff

-vs-

SAINT·VICTOR, PIERRE
Defendant

Case Number: CR 97-2567-SIB

REPORT COMMENCING CRIMINAL ACTION

50/20 004

TO:  Clerk's Office   (MIAMI)   FT. LAUDERDALE   W. PALM BEACH
     U.S. District Court      (circle one)

NOTE:  CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
       MAGISTRATES COURT ABOVE

All items are to be completed.  Information not applicable or
unknown will be indicated "N/A".

(1)  Date and Time of Arrest: 4-3-97          1:00   (am)/pm

(2)  Language Spoken: ENGLISH / CREOLE

(3)  Offense(s) Charged: POSS OF COUNTERFEIT CURRENCY

(4)  U.S. Citizen  [ ] Yes   [✓] No   [ ] Unknown

(5)  Date of Birth: 07-25-59

(6)  Type of Charging Document:  (Check one)
     [ ] Indictment   [✓] Complaint   To be filed/Already filed
     Case #_____
     [ ] Bench Warrant for Failure to Appear
     [ ] Probation Violation Warrant
     [ ] Parole Violation Warrant

     Originating District: SOUTHERN DISTRICT OF FLORIDA

     COPY OF WARRANT LEFT WITH BOOKING OFFICER  [ ] YES  [✓] NO

Amount of Bond:  $_____
Who set Bond:    _____

(7)  Remarks: _____

(8)  Date: 4-3-97          (9) Arresting Officer: F. BEYER

(10) Agency: U.S. SECRET SERVICE      (11) Phone: 591-3660

(12) Comments: _____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

MIM 5800.08B
Attachment B

UNITED STATES OF AMERICA )  CASE NUMBER: CR _97-2562-513_
　　　　　　　　Plaintiff )
　　　　　　　　　　　　　 )
　　　　　　-vs- )  REPORT COMMENCING CRIMINAL
_Jean-Claude Israel_ )  　　　　　　ACTION
　　　　　　　　Defendant )

_50121-004_

**********************************************************

TO: CLERK'S OFFICE ⟨MIAMI⟩　FT. LAUDERDALE　W. PALM BEACH
　　U.S. DISTRICT COURT　　　　(circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
　　　COURT ABOVE.

**********************************************************

COMPLETE ALL ITEMS.  INFORMATION NOT APPLICABLE ENTER N/A.

(1)　DATE AND TIME OF ARREST: _4-3-97_ _033_ ⟨a.m.⟩/p.m.

(2)　LANGUAGE(S) SPOKEN: _Haitian — French_

(3)　OFFENSE(S) CHARGED: _18 USC 371 Conspiracy To_
_Sell Counterfeit Currency_

(4)　UNITED STATES CITIZEN:　(　)YES　(✓)NO　(　)UNKNOWN

(5)　DATE OF BIRTH: _3-25-65_

(6)　TYPE OF CHARGING DOCUMENT:　(CHECK ONE)
　　　[　] INDICTMENT　　[X] COMPLAINT　　CASE # _____
　　　[　] BENCH WARRANT FOR FAILURE TO APPEAR
　　　[　] PAROLE VIOLATION WARRANT
　　　ORIGINATING DISTRICT: _____
　　　COPY OF WARRANT LEFT WITH BOOKING OFFICER?　[　]YES　[　]NO
AMOUNT OF BOND:$ _15,000_　WHO SET BOND? _AUSA DeGroot_

(7)　REMARKS: _____

(8)　DATE: _4-3-97_　(9) ARRESTING OFFICER _Beyer_

(10)　AGENCY _US Secret Service_ (11) PHONE # _(305) 450-148_

(12)　COMMENTS _____

AO 91 (Rev. 5/85) Criminal Complaint AUS, DELGADO

# United States District Court

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA _____

UNITED STATES OF AMERICA

## CRIMINAL COMPLAINT

V.

CASE NUMBER: 97-2567-STB

MARTINO VOLCY,
VENEL CHARLES,
VINCENT RODRIGUEZ,
PIERRE RICHARD SAINT-VICTOR,
PATRICK LILAVOIS, and
JEAN CLAUDE ISRAEL

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On or about March 20, 1997 to April 2, 1997 in  Miami, Dade _____ county, in the

_____ Southern _____ District of _____ Florida _____ , the defendants, did knowingly and with the intent to defraud, possess, pass, and sell $130,320.00 in counterfeit Federal Reserve Notes in $10.00, $20.00, $50.00 denominations; and did knowingly and willfully combine, conspire, confederate and agree with each other and with persons known and unknown to commit an offense against the United States;

in violation of Title __18__ United States Code, Section __472, 371__ .

I further state that I am a __Special Agent__ and that this complaint is based on the following
                              Official Title
facts:

See Attached Affidavit

Continued on the attached and made a part hereof:   [x] Yes   [ ] No

_____
Signature of Complainant  EMILY BEYER
UNITED STATES SECRET SERVICE
APRIL 3, 1997

Sworn to before me and subscribed in my presence,

4/3/97
_____
Date          STEPHEN T. BROWN
          UNITED STATES MAGISTRATE JUDGE

_____
Name & Title of Judicial Officer

at  MIAMI, FL.
      City and State

_____
Signature of Judicial Officer

## **AFFIDAVIT**

I, EMILY BEYER, being duly sworn, depose and say:

1.    I am a Special Agent with the United States Secret Service (USSS) and have been so employed since April 1995.   I am currently assigned to the Miami Field Office of the USSS and my duties include the investigation of counterfeit, forged and altered United States Federal Reserve Notes (FRN's).   I submit this affidavit based on information known to me personally from investigation, as well as obtained from others who have investigated the matter or have personal knowledge of the facts herein.

2.    On January 9, 1997, the Miami Field Office of the USSS received information from a confidential informant that MARTINO VOLCY and VENEL CHARLES were involved in the sale and distribution of counterfeit currency.

3.    Between March 20, 1997, and April 2, 1997, the confidential informant spoke to VOLCY on the telephone several times and they agreed upon a purchase of $80,000 in counterfeit FRN's at a purchase price of $28,800 in genuine FRN's.

4.    On April 2, 1997, the confidential informant met VOLCY in Orlando, Florida, and they travelled together to Miami, Florida, to meet with CHARLES to purchase counterfeit FRN's.

5.    The confidential informant and VOLCY met with CHARLES at the place where he was residing, 2419 NW 96 Street, Miami, Florida. During this meeting, the confidential informant, VOLCY, CHARLES,

1

and VINCENT RODRIQUEZ discussed counterfeit FRN's. CHARLES departed from the residence and returned about two hours later with two bags containing approximately $96,280.00 in counterfeit FRN's in $10.00, $20.00, and $50.00 denominations. The confidential informant, VOLCY, CHARLES, and RODRIQUEZ then reviewed the counterfeit FRN's. VOLCY, CHARLES, and RODRIQUEZ were subsequently arrested after attempting to flee the area when they saw USSS agents.

6. CHARLES, after being read and waiving his Miranda rights, admitted to USSS agents that he was distributing counterfeit FRN's and he subsequently identified PIERRE RICHARD SAINT-VICTOR as his source for counterfeit FRN's.

7. CHARLES telephoned SAINT-VICTOR and advised him that he had the genuine currency obtained from the sale of the counterfeit FRN's. CHARLES and an undercover Metro-Dade Detective then met with SAINT-VICTOR at the place where he was residing, 512 NW 113 Street, Miami, Florida. As SAINT-VICTOR proceeded to accept payment for the counterfeit FRN's, he was arrested.

8. SAINT-VICTOR, after being read and waiving his Miranda rights, admitted that he was involved in the sale and distribution of counterfeit FRN's. SAINT-VICTOR subsequently identified PATRICK LILAVOIS and JEAN CLAUDE ISRAEL as his sources for counterfeit FRN's.

9. SAINT-VICTOR telephoned LILAVOIS and advised him that he had the genuine currency obtained from the sale of the counterfeit FRN's and that he wanted an additional $50,000 in counterfeit

2

FRN's.   SAINT-VICTOR and an undercover Metro-Dade Detective then met with LILAVOIS at the place where he was residing, 17123 NE 3 Avenue, Miami, Florida.   LILAVOIS showed approximately $34,040.00 in counterfeit FRN's in $10.00, $20.00, and $50.00 denominations to the undercover Metro-Dade Detective.   At this time, LILAVOIS was arrested.

10.   USSS agents then went to the residence of ISRAEL, 2420 North 59 Terrace, Hollywood, Florida.   ISRAEL agreed to cooperate in the investigation and he was transported to the Miami Field Office of the USSS.   ISRAEL, after being read and waiving his Miranda Rights, admitted to being involved in the sale and distribution of counterfeit FRN's.   ISRAEL was subsequently arrested by agents of the USSS.

FURTHER AFFIANT SAYETH NAUGHT

EMILY BEYER
SPECIAL AGENT, UNITED STATES
SECRET SERVICE

Subscribed and sworn to
before me this _3RD_ day
of April, 1997

UNITED STATES MAGISTRATE JUDGE

3